# KAGEN, CASPERSEN & BOGART PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

551 MADISON AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10022
(212) 880-2045
(646) 304-7879 (FACSIMILE)

June 5, 2024

**BY ECF AND EMAIL**

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.courts.gov

    Re:    *Blockware Solutions LLC v. American Mining Warehouse LLC et al.*,
             Case No. 1:24-cv-02523-AT (S.D.N.Y)

Dear Judge Torres:

Pursuant to Section III.A.ii of your Individual Practices, Defendants American Mining Warehouse LLC ("AMW") and Tyler Deboer ("Deboer") (collectively "Defendants") set forth the basis for their anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6). [1]

A. <u>Blockware Lacks Standing to Sue</u>: Blockware is a foreign limited liability company organized under Delaware law. Compl. ¶ 11. Under N.Y. LLC Law § 808(a), "A foreign limited liability company doing business in this state without having received a certificate of authority to do business in this state may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state." Blockware is not registered. Blockware does repeated and substantial work in this State. *See* Ex. A at 2 (setting forth all of Plaintiff's allegations conceding that Blockware does business in this State). After Defendants notified Plaintiff of this deficiency, Blockware did not dispute that it needed to obtain that certificate of authority. *See* Ex. B at 2 (not denying any of these matters). The Second Circuit has held that noncompliance with a state "door closing statute," such as this one, necessitates "a conditional dismissal or stay of the action pending cure of the violation." *A.I. Trade Fin. v. Petra Bank*, 989 F.2d 76, 84 (2d Cir. 1993) (so holding with regard to New York statute applying to foreign corporations); *G&G Closed Circuit Events, LLC v Godinez*, 2023 U.S. Dist. Lexis 157305, at *1-2 (S.D.N.Y. Sep. 6, 2023) (granting Rule 12(b)(1) motion to dismiss for this reason). The Court should dismiss this action pending proof that Blockware has a certificate of authority from the State of New York.

B. <u>There is No Personal Jurisdiction Over Defendants With Regard to Any Claims Brought By Plaintiff Regarding the December 18, December 21, December 30 and January 8 Transactions</u>: Blockware sues AMW for breach of contract and otherwise with regard to six

---

[1] Pursuant to Individual Practices Section III.B.ii, Defendants previously notified Plaintiff of these issues in a May 22, 2024 letter attached as Exhibit A, and Plaintiff responded in a May 30, 2024 letter attached as Exhibit B.

KAGEN, CASPERSEN & BOGART PLLC

Hon. Analisa Torres, U.S.D.J
June 5, 2024
Page 2

different transactions.  Blockware sues Deboer for alter ego liability and otherwise for these same transactions.  Four of them (listed above) have no connection to the State of New York.  Neither Defendant is subject to personal jurisdiction in the State of New York with regard to these four matters.  American Mining Warehouse LLC ("AMW") is not a citizen of this State\.  *See* Compl. ¶ 12 (admitting AMW is citizen of Texas).  AMW has no office in this State.  Its principal offices are in Texas.  It is not organized under the laws of this State, does not derive substantial revenue regularly from this State, owns no property in this State, does not regularly do business in this State and employs no personnel in this State.  All these facts are also true of Defendant Deboer.  The orders for these transactions, which related to the purchase of Bitcoin mining units, were placed for shipment without the State, and payment was sent from and was received without the State.  AMW is not subject to general jurisdiction here.

   Blockware claims that operation of a website that can be viewed in this State and the possibility that customers from this State might order products from Defendant are sufficient to confer jurisdiction. Ex. B at 1 & n1.  Not so. "For a corporation, general personal jurisdiction is typically available only in the forum in which it is incorporated and/or the forum in which its principal place of business is located.  *See Gucci America, Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19).  *Aspen Speciality Ins. Co. v. RCI Hosp. Holdings, Inc.*, 2023 U.S. Dist. Lexis 106606, at *8-9 (S.D.N.Y. June 20, 2023).  Deboer is not subject to general jurisdiction here either.

   With regard to specific jurisdiction, no Defendant had any reason to expect that any of these four transactions would have consequences in this State and Blockware alleges none.  No products were ordered for this State.  The Complaint does not allege any consequence to Blockware in this State arising from any of these transactions.  The Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth and Tenth claims should be dismissed.  The Eleventh, Twelfth and Thirteenth claims should be dismissed regarding these four transactions as well.

   C. <u>Blockware Has Not Pleaded Viable Alter Ego Claims against Deboer</u>: "Courts in this Circuit look unfavorably upon conclusory pleadings" of alter ego status.  *Long Island Ventures LLC v. Hempacco Co.*, 2023 U.S. Dist. Lexis 175750, at *22 (S.D.N.Y. Sept. 29, 2023).  Courts are further reluctant to disregard a corporate entity.  *Id*. at *23.  Plaintiff Deboer was acting as an officer of AMW.  AMW and Blockware are the only parties to the relevant agreements.  To establish liability under alter ego claims, Blockware had to allege "sufficiently specific factual allegations," not mere recitations of conclusions, to show that Deboer disregarded AMW's form.  *Id*. at *25-26.  Blockware failed to do this.  There is *not a single well pleaded fact* showing any commingling between Deboer and AMW.  Blockware's allegations have no facts whatsoever.  *See, e.g.,* Compl. ¶¶ 203-11 (stating, in wholly conclusory fashion, with no facts, that Deboer "used AMW as a vehicle to commit fraudulent and other wrongful acts").

   In response, Blockware claims that certain statements made in emails would support these allegations sufficiently.  Ex. B at 2-3 and nn. 4-5.  Not so.  First, all such communications cannot be used by Blockware because they are confidential settlement communications.  Any reference to them in this proceeding should be stricken. *My Mavens LLC v. Grubhub, Inc.*, 2023 U.S. Dist. Lexis 142204, at *42-43 (S.D.N.Y. Aug. 14, 2023) (striking all such allegations from

KAGEN, CASPERSEN & BOGART PLLC

Hon. Analisa Torres, U.S.D.J
June 5, 2024
Page 3

complaint).  Second, these emails do not suffice to show alter ego liability, as they do not show that AMW was undercapitalized or that Deboer commingled assets with AMW.  The Sixth, Seventh, Eighth, Ninth and Tenth Claims should be dismissed.

      D.      <u>Blockware's Claims for Unjust Enrichment and Money Had and Received Should be Dismissed</u>:  When, as here, a valid written contract governs the subject matter in dispute, a plaintiff is not permitted to allege a claim of unjust enrichment.  *Barbagallo v. Marcum LLP*, 820 F. Supp. 429, 443 (E.D.N.Y. 2011).  "Moreover, an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Amable v. New Sch.*, 551 F. Supp.3d 299, 318 (S.D.N.Y. 2021).  That is the case here.  Consequently, Blockware's Twelfth claim should be dismissed.  Blockware's Thirteenth claim, for money had and received, should be dismissed for the same reason.  *Id*. at 319-20.

      Blockware responded that it was willing to dismiss these claims as against AMW if Defendants would concede that the contracts at issue are valid.  Ex. B at 3.  Defendants agreed to stipulate that the relevant contracts are valid.  But Blockware refused – contrary to its agreement in its letter – to dismiss these claims.  *See* Ex. C (email correspondence between counsel).

      E.      <u>Blockware's Claim for Fraudulent Inducement Should be Dismissed</u>: Blockware's Eleventh Claim for fraudulent inducement should be dismissed for two reasons.  *First*, "[a] fraud claim is not stated by allegations that simply duplicate, in the facts alleged and damages sought, a claim for breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it." *Student Advantage Fund I LLC v. Kennedy Lewis Mgmt. LP*, 2019 U.S. Dist. Lexis 199892, at *6 (S.D.N.Y. Nov. 18, 2019) *quoting Cronos Grp. Ltd. v. XComIP, LLC,* 156 A.D.3d 54, 62, 64 N.Y.S.3d 182 (1st Dep't 2017) (collecting cases).  That is all Blockware's Eleventh claim does here.  Blockware claims that Defendants made false statements in the course of performing (or failing to perform) the alleged agreements at hand.  *E.g.*, Compl. ¶¶ 297-99.  The Complaint alleges that AMW misrepresented the delivery dates of the Bitcoin Mining Units. *See id.* These alleged misrepresentations were made in the purchase agreements themselves.  However, "a fraud claim 'can be predicated upon an insincere promise of future performance only where the alleged false promise is collateral to the contract the parties executed; if the promise concerned the performance of the contract itself, the fraud claim is subject to dismissal as duplicative.'" *Cronos Group*, 156 A.D.3d at 63.  That is not the case here.

      *Second*, this claim is not pleaded with particularity as required by Fed. R. Civ. P. 9(b).  Rule 9(b) requires Blockware to "state with particularity the circumstances constituting fraud or mistake."  "[T]o comply with Rule 9(b), the complaint *must* (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gangemi v. Arch Oncology, Inc.*, 2023 U.S. Dist. Lexis 92876, at *5 (S.D.N.Y. May 26, 2023) (emphasis added).  Blockware does none of this.   It does not allege who made the statements.  It does not allege when the statements were made.  Nor does it explain why any specific statement was fraudulent.

KAGEN, CASPERSEN & BOGART PLLC

Hon. Analisa Torres, U.S.D.J
June 5, 2024
Page 4

In response, Blockware stated that "Blockware is willing to dismiss these claims rather than amend its Complaint as recommended by the Judge's Rule III.B.ii." Ex. B at 3. But Blockware did not do so. Defendants explained to Blockware that, to dismiss this claim, Blockware should amend its Complaint. *See* MOORE'S FEDERAL PRACTICE – CIVIL § 41.21[2] (2023), ("[2] **Elimination of Fewer Than All Claims Requires Amendment Rather Than Dismissal**. A plaintiff wishing to eliminate particular claims or issues from the action should amend its complaint under Rule 15(a) rather than dismiss under Rule 41(a)") (emphasis in original); *Puccino v. SNET Info. Servs.*, 2011 U.S. Dist. Lexis 131583, at *3-4 (D. Conn. Nov. 14, 2011) (holding same). Blockware refused to amend. *See* Ex. C (emails between counsel).

F.    <u>Blockware's First and Fourth Claims for Breach of Contract Should be Dismissed</u>: The only two remaining claims, and ones for which there may be personal jurisdiction, are two agreements for the shipment of goods to the State of New York alleged by Blockware in this First and Fourth Claims in the Complaint. In each of these claims, Blockware does not allege that it failed to receive any of the goods it purchased. Blockware alleges only that shipments of these goods were made late. *See* Compl. ¶ 142 (so alleging for First Claim); and ¶ 177 (so alleging for Fourth Claim). Blockware accepted the tendered performance. It accepted the late goods and did not reject them. The Uniform Commercial Code ("UCC") governs transactions for the sale of goods such as those alleged in these two claims. Under the UCC, when AMW tendered performance, Blockware "must within a reasonable time after [it] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.Y.U.C.C. § 2-607(3)(a). Blockware does not allege it ever satisfied this requirement, which is a required element of its claims for damages – and not counterclaim -- for non-conformity under Section 2-714(1) of the UCC set forth in the First and Fourth Claims in the Complaint. *Smith v. BOC Group PLC*, 2001 U.S. Dist. Lexis 5712, at *17 (N.D. Ill. May 3, 2001) (holding that this requirement is a mandatory element of this claim).

On the contrary: Blockware alleges that it asked about the late goods (Compl. ¶ 89), that it agreed to new timeliness for delivery (*id.* ¶ 93), and that AMW failed again to deliver in a timely manner. *But in the end*, Blockware accepted the allegedly late units from AMW relating to both of these orders. Blockware does *not* allege that it notified AMW of any breach with regard to these two agreements. Blockware alleges it complained about other orders, but not the two in the First and Fourth Claims. Having accepted the tender and having failed to timely provide notice of breach, Blockware is now barred from suing under these two agreements. And, such notice is a required element of its claim for damages. In response, Blockware claims that it did provide notice with regard to these two transactions. *See* Ex. B at 3. But Blockware cites to nothing in its Complaint so stating and, to the best of Defendants' knowledge, there is no such notice. These two claims should thus be dismissed with prejudice.

Respectfully submitted,

Stuart Kagen